UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
SHRED-IT USA, INC.,

               Plaintiff,

                                   ORDER
   - against -
                                   CV 03-1816 (ERK)(MDG)

CONFIDENTIAL SHREDDING, LLC, et al.,

               Defendants.
- - - - - - - - - - - - - - - - - - - X

    By letter dated June 9, 2005 ("Pl.'s Let.") (ct. doc. 61), Gregory Pinski, counsel for plaintiff Shred-it USA, Inc. ("Shred-it") has moved to preclude testimony from three witnesses recently identified by defendants in their schedule of witnesses contained in the proposed Second Amended Joint Pretrial Order ("2d PTO") (ct. doc. 60) filed on June 7, 2005. Plaintiff contends that the three witnesses -- Phillip Barres, Ronald Palmeri and Allen Kosowsky -- are expert witnesses whom defendants failed to identify, in contravention of Rule 26(a) of the Federal Rules of Civil Procedure. Counsel for defendants, Robert Mitchell, has responded in a letter dated June 10, 2005 ("Defs.' Let.") (ct. doc. 64).

## DISCUSSION

    This Court has the power to impose sanctions, including preclusion if a party fails to provide mandatory disclosures required by Rule 26(a) or to supplement such requisite disclosures in accordance with Rule 26(e). Emmpresa Cubana Del Tabaco v. Culbro Corp., 213 F.R.D. 151, 159 (S.D.N.Y. 2003). The

determination of what sanction to impose "must be weighed in light of the full record in the case." Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 106 (2d Cir. 1979). Severe sanctions, including preclusion of evidence, may be warranted for discovery failures due to "willfulness or bad faith, or is otherwise culpable." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); see also Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (citations omitted). In addressing a request for preclusion of a witness belatedly disclosed after the close of discovery, a court should consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness [or of the precluded evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony [or evidence]; and (4) the possibility of a continuance. Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 269 (2d Cir. 1999) (quoting Softel v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997)); see also Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir.1988).

Defendants argue that Mr. Kosowsky, whom they intend to employ as a rebuttal expert on damages, could not give testimony until after plaintiff had provided its damages calculations. However, defendants never disclosed their intention to call Mr. Kosowsky earlier in this litigation nor have they provided any expert disclosures or report, despite deadlines previously set. In fact, whenever extension of the discovery schedule was discussed at three

scheduling conferences held on June 15, 2004, August 13, 2004 and April 13, 2005, defendants <u>never</u> indicated that they intended to retain an expert. On the contrary, defendants' counsel confirmed at the last conference in April that defendants intended to contest damages through cross-examination of plaintiff's damages witness. Thus, this Court set deadlines for only the plaintiff's calculations on damages and deposition of plaintiff's damages expert.

Defendants argue that Mssrs. Barres and Palmeri are only fact witnesses not subject to the requirements of Rule 26(a)(2). This Court disagrees. The proposed testimony by Phillip Barres regarding the development of the document destruction industry and its practices constitutes expert testimony under Rule 702 of the Federal Rules of Evidence and thus subject to the requirements of Rule 26(a)(2). While Mr. Palmeri could indeed be merely a fact witness as to Confidential Shredding's finances and development, this Court is skeptical whether defendants will be able to avoid eliciting his expert opinions. As counsel notes, Mr. Palmeri will present "financial information that he has developed in his accounting role..." which will be "significant" to the question whether Confidential Shredding's business was "'artificially' accelerated by use of the Plaintiff's customer lists..." Defs.' Let. at 2.

Irrespective of whether these individuals are experts subject to the requirements of disclosures and expert reports under Rule 26(a)(2), defendants undisputedly failed to disclose that these two witnesses possess relevant evidence, as required by Rule

26(a)(1)(A). Notwithstanding defendants' argument that they did not realize these witnesses possessed relevant evidence until after the Thomson deposition, the proposed testimony goes to the heart of the defense raised by defendants since the inception of this litigation--that the business of Confidential Shredding grew without defendants using any confidential information of plaintiff. Defendants' claimed need for the witnesses appears to stem from the change in counsel, rather than a reassessment based on evidence elicited in discovery,

In response to plaintiff's complaint that the new testimony also pertains to financial information that defendants had previously refused to provide in response to discovery requests by plaintiff, defendants fault plaintiff for failing to move to compel disclosure of these witnesses. Their attempt to place the onus on the plaintiff to move to compel[1] is based on a completely skewed view of the operation of Federal Rules. Although the failure of a party to make a motion to compel could be found to be a waiver of that party's right to seek further discovery after a scheduling deadline has passed,[2] nothing in the Rules excuses a party from complying with its discovery obligations. Rather, the obligation

---

[1] In fact, plaintiff did submit a letter motion to compel which noted defendants' objections, but limited the motion only to one interrogatory regarding customer lists, "[i]n the interest of compromise." See Letter dated December 14, 2004 of Gregory Pinski (ct. doc. 39) at 1. Defendants did not respond to a single request, but rather, raised a litany of general objections, including burdensomeness and lack of relevance. Id. Exh. B. However, defendants also reserved their right to amend the responses prior to trial.

[2] See In re Health Mgmt. Inc., NO. CV 96-0889, 1999 WL 33594132, at *5-6 (E.D.N.Y. Sep 25, 1999).

to disclose witnesses is mandatory under Rule 26(a) and subject to supplementation by Rule 26(e)(1). Empresa Cubana, 213 F.R.D. at 159.

Defendants also point to the fact that plaintiff also added new witnesses to its list of witnesses in the 2d PTO. Plaintiff describes the testimony of these witnesses as concerning "Defendants' solicitation of shredding business." See 2d PTO at 5. In the first pretrial order filed on November 12, 2004 (ct. doc. 30), plaintiff identified several witnesses who would testify on this topic and expressly reserved the right to call "[r]epresentative[s] of any Shred-it customer discovered to be solicited by or lost to Defendants." Ct. doc, 30 at 4, no. 15. Inasmuch as defendants did not produce its customer list until after this Court ordered them to do so at the April 14, 2005 conference, plaintiff's delay in disclosing these new witnesses until preparation of the 2d PTO is understandable.

In contrast, the new witnesses proposed by defendants will be testifying about areas not previously described by defendants in their witness list. Defendants provided no information regarding the subject matter of the testimony of defendants' witnesses in the original pretrial order filed. See ct. doc. 30 at 5. As described in the 2d PTO, the defendants' witnesses listed in the original PTO will all be testifying about various aspects of plaintiff's operations or the defendants' performance while employed by plaintiff. See 2d PTO at 6-7, nos. 3-8. However, two of the defendants' new witnesses will be testifying about the growth of Confidential Shredding's business, a completely different topic.

Since these witnesses are non-parties, the failure to disclose is critical.

In sum, this Court finds defendants' arguments unpersuasive as to the first factor.

Second, although the Court agrees that the testimonies of the new witnesses may be important for the defendants, this Court notes that defendants had previously indicated that they were prepared to address damages without an expert. Defendants' counsel was also adamant in arguing that Mr. Palmeri, the CPA of defendant Confidential Shredding, will only provide facts, rather than opinions, regarding the financial condition and growth of the company. See Defs.' Let. (ct. doc. 64) at 2. If this is indeed the case, the individual defendants, who are the officers and sole shareholders of the corporate defendant. could very well provide much of this factual information. Thus, the Court finds that the second factor weighs in favor of defendants as to the testimony of Mr. Barres and less so as to Mssrs. Kosowsky and Palmeri.

On the other hand, since defendants did not give any indication until the 2d PTO that they would present testimony from non-parties on the topics to be elicited from the proposed new witnesses, the prejudice to plaintiff would be substantial. Plaintiff has prepared for trial without knowledge as to the scope of defendants' case and only a very general idea of the nature of the testimonies of the new witnesses. While the Court could give plaintiff an opportunity to conduct additional discovery, the resulting delay would also prejudice plaintiff. At this juncture, when discovery is otherwise completed, any such delay is

significant, particularly since defendants have neither presented any expert reports from any of the new witnesses nor even formally retained Mr. Kosowsky.

Moreover, as plaintiff correctly notes, defendants' delay in complying with plaintiff's discovery requests, particularly the requests for relevant customer information, contributed to delay in this case. In granting an extension at the August 13, 2004 conference, this Court specifically directed defendants to comply with outstanding discovery requests. See 8/13/04 minute entry. Defendants failed to comply, leading plaintiff to file a letter motion to compel in December 2004. Ct. doc. 39. This application was granted at the conference on April 13, 2005, which was scheduled following disposition of defendants' first motion for summary judgment.

In his decision addressing defendants' second motion for summary judgment, Judge Korman declined to grant defendants leave to file an amended answer, in part, because of prejudice to plaintiff. Memorandum & Order filed on June 15, 2005 (ct. doc. 66) at 19-21. As he noted, "This case is nearly ready for trial, and summary judgment has been considered not only once, but now twice. Any further delay caused by granting defendants leave to amend their answer would cause plaintiff undue delay." Id. at 20-21. Now that settlement discussions have failed and discovery is otherwise completed, this case is ready for trial. There is no reason for any further delay. As the Second Circuit noted in Softel in upholding a trial court's refusal to grant a continuance to permit discovery relating to a new expert:

> When trial courts permit deadline slippage of this sort, trials cannot be scheduled when they ought to be, resulting in the backup of other cases and eventual scheduling chaos as a series of bottlenecks builds.

Softel, 118 F.3d at 962-63.

## CONCLUSION

For the foregoing reasons, plaintiff's application to preclude Phillip Barres, Ronald Palmeri and Allen Kosowsky from testifying at trial is granted.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 20, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE